EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SKIORSKI MILLER,

    Petitioner,

v.                                            CASE NO. 05-CV-73167-DT
                                              HONORABLE NANCY G. EDMUNDS

H. J. MARBERRY,

    Respondent.
_____/

## ORDER OF DISMISSAL

### I.  Introduction

Petitioner Skiorski Miller is an inmate at Milan Federal Correctional Institution in Milan, Michigan.  Currently pending before the Court is Petitioner's *pro se* habeas corpus petition under 28 U.S.C. § 2241.

The Court's records indicate that, on December 15, 1992, a federal jury in this District found Petitioner guilty of one count of distribution of cocaine base, 21 U.S.C. § 841(a)(1).  *See United States v. Miller*, No. 92-CR-80539-01 (E.D. Mich. Dec. 15, 1992).  Petitioner was sentenced on March 25, 1993, to twenty years in prison, followed by ten years of supervised release.  The United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment.  *See United States v. Miller*, No. 93-1474 (6th Cir.  Mar. 8, 1994).

On October 17, 1997, Petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255.  He raised one claim of ineffective assistance of counsel.  The Court referred the motion to Magistrate Judge Steven D. Pepe, who recommended that the motion be dismissed as untimely. On June 23, 1998, the Court adopted Magistrate Judge Pepe's report and recommendation and

denied Petitioner's motion to vacate sentence.

Petitioner signed and dated the pending habeas petition on August 10, 2005. The grounds for relief, as alleged in the supporting brief, read:

> I. The Petitioner contends that the sentence imposed by the District Court failed to conform to the requirements of Title 21 U.S.C. § 851 sentencing enhancement.
>
> II. The Defendant/Petitioner's Sixth Amendment right . . . was violated in that he was the victim of woeful[ly] ineffective assistance from his attorney of record which served to obstruct the Defendant/Petitioner's right to a fair sentencing hearing.

## II. Discussion

A motion to vacate sentence under 28 U.S.C. § 2255 "is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A prisoner may challenge the validity of his federal conviction or sentence by some means other than a motion under § 2255 only if "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5. The remedy under § 2255 is not considered "inadequate or ineffective" simply because (1) a previous motion under § 2255 was denied, (2) the petitioner is procedurally barred from pursuing relief under § 2255, (3) the petitioner was denied permission to file a second or successive motion under § 2255, or (4) the one-year statute of limitations has expired. *Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999); *see also Peterman*, 249 F.3d at 461 (stating that the unavailability of § 2255 relief does not establish inadequacy or ineffectiveness under the savings clause of § 2255). The savings clause of § 2255 may be applied only when the petitioner makes a claim of actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

Petitioner claims to be actually innocent. However, he does not deny committing the acts that resulted in his conviction, and he has not submitted any new and credible evidence to support a claim of actual innocence.[1] He also is not alleging that an intervening change in the law makes him actually innocent of distributing cocaine base. Construed liberally, the habeas petition alleges that Petitioner is actually innocent of the enhanced sentence. *See* Pet. for Writ of Habeas Corpus at 5 ("The Petitioner contends that the sentence imposed by the District Court fail[s] to [conform] to the requirements of Title 21 U.S.C. § 851 sentencing enhancement and he is actual[ly] innocen[t].").

It is unclear whether and to what extent someone like Petitioner can show actual innocence in relation to his claim about the imposition of his sentence. *Truss v. Davis*, 115 Fed. Appx. 772, 774 (6th Cir. 2004). In *Ross v. Berghuis*, 417 F.3d 552 (6th Cir. 2005), a state prisoner argued that the one-year statute of limitations for habeas petitioners should have been equitably tolled because the crime for which he was incarcerated did not exist. The Sixth Circuit found it unnecessary to decide whether equitable tolling for claims of actual innocence should be

---

[1] As explained in *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005):

> To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." [*Schlup v. Delo*, 513 U.S. 298, 327 (1995)]. The [Supreme] Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. The [Supreme] Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321.

*Id.* at 590 (footnote omitted).

extended to "innocence of the penalty" assertions. *See id*. at 557.

This Court likewise finds it unnecessary to decide whether Petitioner's claim of actual innocence can be extended to his sentencing claim. The claim merely alleges that the Court failed to engage in a colloquy with Petitioner concerning whether he affirmed or denied a prior conviction that was used to enhance his sentence. Nowhere does Petitioner deny the validity of his prior conviction. He merely contests the procedures used at his sentencing and the denial of his right to be heard on the prior conviction.

Moreover, this is not a case where the petitioner had no other opportunity to raise his claims. He could have raised the claims on appeal or in his motion to vacate sentence. The Court concludes that Petitioner's assertion of actual innocence does not bring his claims within the scope of § 2255's savings clause.

### III. Conclusion

The appropriate remedy for Petitioner's challenge to his federal conviction and sentence is a motion to vacate sentence. He may not pursue his claims under § 2241 because he has not shown that a § 2255 motion is an inadequate or ineffective remedy. Accordingly, the habeas petition is dismissed.

                            s/Nancy G. Edmunds
                            Nancy G. Edmunds
                            United States District Judge

Dated: October 24, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 24, 2005, by electronic and/or ordinary mail.

                            s/Carol A. Hemeyer
                            Case Manager